---

### *In re* NICKERSON'S ESTATE.

*(Surrogate's Court, New York County.   April 8, 1889.)*

1. EXECUTORS AND ADMINISTRATORS—EXECUTOR DE SON TORT—BURDEN OF PROOF.
   In a proceeding to recover personal property belonging to the estate of a decedent, of which defendant had taken possession, and which he had delivered to others, claiming to have done so in accordance with decedent's wishes, the burden is on defendant to show that the property is not under his control; and where he gives no evidence that he sought to regain the property after he became aware that his action was illegal, and a finding that the property would have been restored to him on request is warranted by the evidence, the property will be considered under his control.

2. SAME—COSTS.
   In such case, where defendant unwillingly disclosed information concerning the property and its whereabouts, and in view of the fact that he did not seek to regain possession of it on becoming aware that his disposition of it was illegal, the costs of the proceeding will be charged to him.

Petition to recover certain personal property belonging to the estate of John R. Nickerson, deceased, against E. B. Dusenbury.

*Milnor & Willis,* for petitioner.   *Baker Johnson,* for respondent.

RANSOM, S.   Subsequent to the death of the decedent, the respondent, E. B. Dusenbury, who had boarded in the same house with him prior to his death, took possession of certain personal property belonging to his estate.   A portion of this property has since been delivered into the custody of the surrogate, but was not so delivered until this proceeding was commenced.   Two trunks and some jewelry were sent to Maine, to certain relatives of the intestate, by the respondent, who claims to have done so in accordance with the intentions of decedent, as expressed to him.   No claim is made that this delivery constituted a gift by the decedent to the consignees; in fact, such a contention was expressly disclaimed by respondent's counsel upon the first argument.   When the matter was first submitted to the surrogate, a memorandum was handed down, by which the proceeding was ordered back to the assistant to take testimony upon the point whether or not this property, sent away by the respondent, is now under his control; and deferring further consideration of the application until such additional proof is taken.   Nearly 350 folios of testimony were taken pursuant to this direction.   The respondent gave no testimony tending to show that by any act of his own he sought to regain possession of the property after he became aware that his possession and disposition of the same had been illegal, and in contravention of the rights of the legal representatives of the deceased.   I am of opinion that the fact having been established that he was in possession of the property, and disposed of the same in violation of the rights of the administratrix, the burden rested upon him to show that it is not under his control.   It certainly cannot be that a presumption arises in favor of the respondent that he is unable to restore the property to its proper custodian.   The respondent illegally sent the property out of the state.   If he cannot restore it, he is bound to show the reason why.

If it is not still under his control, he is bound to show that fact, and the reason therefor. Simply showing that he has sent it somewhere does not prove that he has not still dominion over it. It is conceivable that it might have been sent away by him on condition that it would be returned in certain contingencies,—e. g., in case of suit against him by the administratrix. To adopt a different rule would be to hold that nothing shall be considered under a person's control except it is in actual physical custody at the moment. Besides, it was peculiarly within the power of the respondent to adduce the proof to establish this proposition; and the elementary rule under such circumstances applies. But, independent of the burden of proof, and apart from the consideration of what presumption, if any, arises, there is sufficient proof to warrant a finding that, upon a request of the respondent, the property would be restored. In view of this finding, the conclusion is inevitable that the property is under his control. Knowing that by this simple, inexpensive method, without the necessity for resorting to legal process, he could repair his former illegal action, his failure to do so must be considered a withholding.

Upon the question of costs the controlling fact is that the respondent is an interloper; that he gained control illegally of the property; unwillingly disclosed information with reference to its existence and whereabouts; and was disingenuous in answering the interrogatories of examining counsel. The costs of the proceeding will be charged against the respondent, for the reason that this investigation would have been avoided had he acted in an impartial and candid manner, and the illegal act was his by which the property was prevented from coming into the possession of the administratrix. The law presumes every act, in itself unlawful, to have been wrongfully intended until the contrary appears; and this presumption is not confined to criminal proceedings, but applies to civil cases as well. 1 Tayl. Ev. § 103; 1 Greenl. Ev. § 34. His claim of having acted in good faith can only be regarded as a pretense, in view of his failure, after discovering that his conduct had been without warrant of law, to make any effort to regain possession of the property.